UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: Annette M. Gonzales,

       Debtor.

Case No. 7-10-10628 JL

Kieran F. Ryan,

       Plaintiff,

v.

Adv. No. 10-1101 J

Nichole Montoya,

       Defendant.

## MEMORANDUM OPINION

A trial on the merits of this adversary proceeding was held on May 19, 2011 on the Trustee's Complaint to Avoid Fraudulent Transfer and For Return of Property or Its Value [11 U.S.C. 548(a)] ("Complaint")(Docket No. 1) filed on June 28, 2010. Plaintiff, Kieran F. Ryan, appeared pro se. Defendant, Nichole Montoya, was represented by Peter Keyes.

The Trustee seeks to recover the real property located at 3748 Fran Drive, Silver City, New Mexico ("Fran Drive Property" or "Property") pursuant to 11 U.S.C. 548 (a)(1)(B). The Trustee asserts that he is entitled to recover the Fran Drive Property because the Debtor, Annette M. Gallegos, transferred the Property to her daughter, Nichole Montoya, only five weeks prior to the filing of her chapter 7 bankruptcy petition for no consideration. Nichole Montoya contends that the Property was not transferred within two years prior to the filing of Ms. Gallegos' bankruptcy case because Ms. Montoya was the true owner of the Property prior to the grant of deed from the Debtor Annette M. Gallegos to Ms. Montoya, and that the grant and recordation of the deed were mere formalities. In the alternative, Ms. Montoya asserts that prior to the grant of deed Ms. Gonzales held the Property in trust for the benefit of Ms. Montoya in accordance with

her deceased maternal grandmother Julia Gonzales' wish to distribute the Property to Ms. Montoya.

After considering the testimony and evidence presented at trial, and being otherwise sufficiently advised, the Court finds that Mr. Ryan failed to introduce any evidence of insolvency on the date of transfer under 11 U.S.C.§548(a)(1)(B)(ii)(I) or any evidence to establish the other three methods of satisfying the fourth element of a fraudulent transfer claim under 11 U.S.C.§548(a)(1)(B) contained in 11 U.S.C.§548(a)(1)(B)(ii)(II) – (IV), and therefore the Trustee's claim to avoid the transfer under 11 U.S.C.§ 548(a)(1)(B) fails.  In reaching this determination, the Court makes the following findings of fact and conclusions of law in accordance with Rule 7052, Fed.R.Bankr.P.

## FACTS

1. Ms. Gonzales' mother, Julia Gonzales, died on February 6, 2000.  Prior to Julia Gonzales' death, she verbally stated her intentions to her three children that she wanted her granddaughter, Nichole Montoya, to receive the Fran Drive Property.  In anticipation of her death, Julia Gonzales conveyed the Fran Drive Property to her three children, Annette Gonzales, Adam Gonzales and Steve Gonzales. (*Exhibit 1; Testimony of Annette Gonzales, Adam Gonzales and Steve Gonzales*).

2. On October 28, 2002, Annette Gonzales, Adam Gonzales and Steve Gonzales conveyed their interests in the Fran Drive Property by a deed designating Annette Gonzales as the transferee. (*Exhibit 2; Testimony of Adam Gonzales and Steve Gonzales*).  The deed was recorded in the records of Grant County, New Mexico on October 29, 2002. (*Exhibit 2*).

3. Ms. Gonzales borrowed money in her own name secured by the Property to fix up the Property and to pay some of her personal bills, and did not tell the lender that she did not own the Property for her own account. (*Testimony of Annette Gonzales*).

4. On January 6, 2010, Annette Gonzales executed a deed conveying her interest in the Fran Drive Property to her daughter, Nichole Montoya. (*Exhibit 3; Testimony of Annette Gonzales*). The deed was recorded in the records of Grant County, New Mexico on January 7, 2010. (*Exhibit 3*).

5. After the recordation of the deed of the Fran Drive Property to Ms Gonzales on January 7, 2010, Annette Gonzales received notice of a proposed wage garnishment. As a result of the wage garnishment, Ms. Gonazles could not pay her bills as they became due, and for that reason consulted a bankruptcy attorney and subsequently commenced this chapter 7 case. (*Testimony of Annette Gonzales*).

6. Annette Gonzales filed her voluntary petition under Chapter 7 of the Bankruptcy Code on April 15, 2010 (the "Petition Date").

## DISCUSSION

The Trustee seeks to recover the Fran Drive Property from Ms. Montoya as a fraudulent transfer pursuant to 11 U.S.C.§ 548(a)(1)(B). At trial the Trustee advised the Court that he only sought recovery pursuant to Section 548(a)(1)(B). The Trustee is not claiming, pursuant to 11 U.S.C.§ 548(a)(1)(A), that the transfer was made with the actual intent to hinder, delay or defraud creditors. "The cause of action under Section 548(a)(1)(B) is often referred to as "constructive fraud" because it omits any element of intent."[1] To sustain a cause of action under Section 548(a)(1)(B) the plaintiff must satisfy the requirements of 11 U.S.C. §§ 548(a)(1),

---

[1] *In re First Financial Associates*, Inc. 371 B.R. 877, 896 (Bankr.N.D. Ind. 2007)(*citing In re FBN Food Servs., Inc.*, 82 F.3d 1387, 1394 (7th Cir.1996).

548(a)(1)(B)(i), and 548(a)(1)(B)(ii). To satisfy these requirements with respect to a transfer of an interest in property, the Trustee must establish four things: first, that there was a transfer of an interest of the debtor in property, *see* 11 U.S.C. § 548(a)(1); second, that the transfer was made voluntarily or involuntarily on or within two years before the date of the filing of the bankruptcy petition, *see* 11 U.S.C. § 548(a)(1); third, that the debtor received less than reasonably equivalent value in exchange for the transfer, *see* 11 U.S.C. § 548(a)(1)(B)(i); and fourth, that either (I) the transfer was made when the debtor was insolvent or the debtor became insolvent as a result of such transfer,[2] (II) the debtor was engaged or about to become engaged in a business or a transaction for which its remaining property represented an unreasonably small capital, (III) the debtor intended to incur debts beyond its ability to repay them as they matured, or (IV) the debtor made the transfer to or for the benefit of an insider, under an employment contract and not in the ordinary course of business, *see* 11 U.S.C. §§ 548(a)(1)(B)(ii)(I) – (IV). The Plaintiff bears the burden of proving all of four of these elements in order to recover under Section 548(a)(1)(B).[3]

The fourth element of the prima facie case to establish a voidable fraudulent transfer under Section 548(a)(1)(B), which is contained in 11 U.S.C. § 548(a)(1)(B)(ii)(I) – (IV), is sometimes known as the insolvency requirement and is an essential element that the Trustee must establish to prevail. The Trustee presented no evidence to establish this fourth element.

*The Trustee did not prove that the transfer occurred when the Debtor was insolvent or rendered the Debtor insolvent.*

As described above, the Trustee may satisfy the part of his prima facia case contained in 11 U.S.C. § 548(a)(1)(B)(ii) by proving one of four things. The first of those things is that "the

---
[2] *In re Wild West World, L.L.C.,* 2008 WL 4498803, *2 (Bankr.D.Kan. 2008); *In re Fabbro*, 411 B.R. 407, 422 (Bankr.D.Utah 2009).
[3] *Id.*

-4-

the debtor was insolvent on the date that such transfer was made … or became insolvent as a result of such transfer ….” 11 U.S.C. § 548(a)(1)(B)(ii)(I).  The Bankruptcy Code defines "insolvency" with reference to an individual debtor as a "financial condition such that the sum of such entity's debts is greater that all such entity's property at fair evaluation, exclusive of [certain items] …." 11 U.S.C.§101(32)(A).  To prove that an individual debtor is "insolvent," the plaintiff must show that the debtor was balance sheet insolvent. *i.e.* "the debtor's liabilities exceed [the debtor's] assets (exclusive of exempt and [certain] fraudulently transferred assets)."[4]  Insolvency is measured at the time the debtor transferred value, not at some later or earlier time."[5]  Unlike the provisions contained in 11 U.S.C. § 547(f)[6] that govern preferential transfer claims, wherein a presumption of insolvency exists during the 90 days prior to the filing of the petition, Section 548 governing fraudulent transfer claims contains no such presumption.  *See* 11 U.S.C. § 548.

At trial the Trustee introduced no evidence of insolvency.  No evidence was presented that the Debtor's liabilities exceeded her assets at the time of the transfer or at any other time.  The Trustee did not proffer into evidence the Debtor's bankruptcy schedules or statement of financial affairs.  The Trustee did not question the Debtor about the value of her assets or the amount of her liabilities on the date of the transfer or at any other time, or present any other evidence of balance sheet insolvency.  The Trustee, in closing, argued that the Court should infer that the Debtor was insolvent at the time of the transfer solely because she filed her bankruptcy petition approximately five weeks after the date of transfer. The Court disagrees.  Because

---

[4] *In re Solomon*, 300 BR 57, 64 (Bankr.N.D.Okla 2003)( *affirmed by* , *In re Solomon*, 299 B.R. 626, 638 (10th Cir. BAP 2003)(for avoidance of transfer purposes, the test of insolvency under the Bankruptcy Code and the UFTA is the "balance sheet" test ( i.e. liabilities greater than assets at fair valuation).

[5] *Solomon*, 300 B.R. at 64 (citing *Mellon Bank, N.A. v. Official Committee of Unsecured Creditors* (*In re R.M.L., Inc*.), 92 F.3d 139, 154 (3rd Cir.1996).

[6] 11 USC 547(f) provides that "[f]or the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition. Section 548 contains no presumption of insolvency.

-5-

insolvency is not an eligibility requirement for commencement of a chapter 7 case,[7] and no presumption of insolvency arises under 11 U.S.C. § 548, insolvency may not be inferred solely from the fact that the Debtor commenced a chapter 7 case within five weeks after the date of transfer.[8]

*The Trustee did not present any evidence to establish
the fourth element of his prima facie case under any of the other
alternative methods of satisfying the fourth element.*

In addition to establishing the fourth element of his prima facia case by proving insolvency on the date of transfer or as a result of the transfer under 11 U.S.C. § 548(a)(1)(B)(ii)(I), the Trustee can establish the fourth element by proving either: 1) the debtor was engaged or about to become engaged in a business or a transaction for which its remaining property represented an unreasonably small capital; (2) the debtor intended to incur debts beyond its ability to repay them as they matured; or 3) the debtor made the transfer or incurred obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business. 11 U.S.C. § 548(a)(1)(B)(ii)(II) – (IV). The Trustee failed to satisfy the fourth element of his prima facie case by any of these other methods.

Apart from proving the proximity of the transfer to commencement of the chapter 7 case, the only other evidence the Trustee presented to establish the fourth element of a voidable fraudulent transfer contained in 11 U.S.C. § 548(a)(1)(B)(ii) was the Debtor's testimony about a wage garnishment. The Debtor testified that subsequent to delivery and recordation of the deed to the Property designating her daughter as transferee she received a notice of wage garnishment.

---

[7] *See* 11 U.S.C § 109; *In re Green*, 934 F.2d 568(4th Cir 1991)("Nowhere in the Code is there a requirement that a debtor be insolvent in order to file for bankruptcy.").

[8] *See Bank v. Bear*, 265 U.S. 365, 370 (1924)("an adjudication in bankruptcy in no way determines whether or not the debtor was insolvent at the time a lien was obtained through legal proceedings against him; there being no presumption arising from the adjudication that he was insolvent for any period before the petition in bankruptcy was filed");*see also*, *J.S. & J.F. String, Inc. v. Birkhahn*, 30 F.2d 492, 494 (3rd Cir. 1929)(finding that an adjudication in bankruptcy does not establish the debtors insolvency on the date of filing or for any period before); *Riccio v. General Motors Acceptance Corp.*, 203 A.2d 92, 95(Conn.Cir.A.D. 1963) (same).

-6-

She further testified that as a result of the garnishment she was having difficulty paying her bills, and that is what precipitated her need to consult with bankruptcy counsel and file for bankruptcy protection. This testimony does not satisfy any of the other three alternative methods of establishing the fourth element of the prima facie contained Section 548(a)(1)(B)(ii)(II) – (IV). It does not show that "the debtor was engaged or about to become engaged in a business or a transaction for which its remaining property represented an unreasonably small capital" because that provision applies only to debtors who operate a business.[9] It does not show that "the debtor intended [on the date of transfer] to incur debts beyond its ability to repay them as they matured" because she received notice of the wage garnishment *after* she made the transfer.[10] It does not satisfy the final method of establishing the fourth element of the prima facie case because the transfer was not made under an employment contract.

The Court concludes that the Trustee failed to meet his burden to establish the fourth element of a fraudulent transfer claim contained 11 U.S.C. § 548(a)(1)(B)(ii), and, therefore, the Trustee's claim must be denied. The Court need not address the other elements contained in 11 U.S.C. § 548(a)(1)(B). A judgment will be entered in accordance with this opinion.

_____
ROBERT H. JACOBVITZ
UNITED STATES BANKRUTPCY JUDGE

Entered on Docket Date: 7/1/11

---

[9] *In re Bellardita*, 2008 WL 4296554, *11 (Bankr.E.D.Cal 2008)(citing *4 Norton Bankr.L. & Prac. 3d § 67:5 (2008)* ("provision only applies to business debtors"); *In re Prime Realty, Inc.*, 380 B.R. 529, 537(8th Cir. BAP 2007)(" The determination of whether the debtor was operating with an unreasonable small amount of capital should focus on the debtor's ability to generate enough cash from operations or the sale of assets to pay its debts as they become due and remain a financially viable going concern").

[10] *In re EBC I, Inc*., 380 B.R. 348, 359 (Bankr.D.Del. 2008)(citing *WRT Creditors Liquidation Trust v. WRT Bankr.Litig. Master File Defendants* (*In re WRT Energy Corp*.), 282 B.R. 343, 414–15 (Bankr.W.D.La.2001) ("The 'inability to pay debts' prong of section 548 is met if it can be shown that the debtor made the transfer or incurred an obligation contemporaneous with an intent or belief that subsequent creditors likely would not be paid as their claims matured.").

Copies to:
Kieran F. Ryan
Chapter 7 Trustee
PO Box 26
Las Cruces, NM 88004-0026

Peter A Keys
403 S. Bullard Street
Silver City, NM 88061-6518
*Attorney for Nichole Montoya*